PER CURIAM.
This disciplinary proceeding is before us on respondent Block’s “Conditional Guilty Plea For Consent Judgment For Public Reprimand and Probation” filed pursuant to Florida Bar Integration Rule, article XI, Rule 11.13(6)a. We have jurisdiction. Art. V, § 15, Fla. Const.
The filing of the conditional guilty plea was precipitated by a grievance complaint filed against Block by Mr. and Mrs. A.L. Broudy. Block had represented the Brou-dys in the sale of a condominium located in Dade County. Block attended the closing on behalf of the Broudys and took receipt of a cashier’s check in the amount of $20,-000. Block had previously been instructed to deposit the closing proceeds into Brou-dy’s money market account once the funds had cleared his trust account. However, contrary to these instructions, Block failed to deposit the check for several weeks. After the funds were deposited in Broudy’s Dade County account, he had the proceeds transferred to his bank in California. Shortly thereafter Broudy was informed that Block’s trust account check had been dishonored as a result of insufficient funds. The Broudys then filed the instant bar grievance complaint.
An audit of Block’s trust account covering the period of January 1,1983 to December 31, 1984 was conducted by the Miami Branch Auditor of The Florida Bar. The audit revealed that Block was not in substantial compliance with the trust accounting requirements mandated by article XI, Rule 11.02(4) of the Integration Rule of The Florida Bar.
In his conditional guilty plea for consent judgment Block acknowledges numerous “technical and substantive trust accounting improprieties” cited in the report of audit[1] and admits violation of Florida Bar Inte *530 gration Rule, article XI, Rule 11.02(4), the bylaws pertaining thereto (trust accounting procedures) and Disciplinary Rule 9-102(A) (preserving identity of funds and property of a client) of the Code of Professional Responsibility.
The referee appointed to review the conditional guilty plea for consent judgment recommends that this Court approve the plea as tendered. Accordingly, respondent’s conditional guilty plea for consent judgment is approved. Publication of this opinion in Southern Reporter shall serve as a public reprimand. Further, Block is hereby placed on probation for a period of three years. This probation is subject to the following terms, safeguards and sanctions set forth in the consent judgment:
(a) That for a three-year probationary period, Respondent shall be required to engage the professional services of a certified public accountant to prepare monthly reconciliations of both his trust account and his trust account bank statement;
b) That during this period of time, Respondent will be charged the responsibility of providing same to Staff Counsel of The Florida Bar (or his designee) within thirty days of the close of each month; all such reconciliations shall be certified by the certified public accountant as to both accuracy and validity;
c) That absent good cause shown (as determined solely and exclusively by Grievance Committee “B” of the Eleventh Judicial Circuit), should Respondent fail to timely provide Staff Counsel (or his des-ignee) the above-described reconciliations, upon filing of an appropriate pleading with the Supreme Court of Florida by this Grievance Committee, Respondent shall be deemed to have consented to the entry of an Order by the Supreme Court of Florida effecting his immediate suspension from the practice of law until such time as he shall be deemed by competent authority to have remedied his contemptuous conduct;
d) That should it be demonstrated by competent evidence that Respondent is not in substantial compliance with the trust accounting requirements mandated by the Integration Rule of The Florida Bar and the applicable disciplinary rules of the Code of Professional Responsibility, then after notice and hearing before the Grievance Committee, and upon the Committee’s filing an appropriate pleading with the Supreme Court of Florida, Respondent shall be deemed to have consented to the entry of an Order by the Supreme Court effecting his immediate suspension from the practice of law for a period of not less than one year; provided, however, that nothing in this provision shall estop The Florida Bar from later petitioning the Supreme Court of Florida and requesting the imposition of a more severe form of discipline.
Judgment for costs in the amount of $5,041.77 is hereby entered against respondent. As provided in the consent judgment, the respondent shall be permitted to retire these costs through the establishment of a periodic payment schedule, the terms of which are to be negotiated by and between Block’s counsel and the Director of Lawyer Regulation. Lawful interest shall accrue on any unpaid balance after thirty days of the date of this opinion. It is so ordered.
McDonald, C.J., and ADKINS, BOYD, OVERTON, EHRLICH, SHAW and BARKETT, JJ., concur.

. We find it unnecessary to elaborate .on these irregularities. The record in this case is open for public inspection,